IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,030-02






EX PARTE TIBERIU KISS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W04-26322-I(B) IN THE CRIMINAL DISTRICT COURT NO. TWO


FROM DALLAS COUNTY





 Per Curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to seven years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Kiss v. State, No. 05-07-01149-CR (Tex. App.-Dallas, delivered December 11, 2009, 
pet. ref'd). 

 Applicant contends that his plea was involuntary because the State breached the plea
agreement to not seek a deadly weapon finding in this case. Specifically, the Applicant alleges that,
at some point many months after the judgment was entered, the State filed a nunc pro tunc motion
requesting that the trial court enter a deadly weapon finding, and that request was granted. The trial
court recommends that relief be denied, in part, because the written plea agreement does not indicate 
that there would be no deadly weapon finding made in this cause, and the indictment alleged that a
deadly weapon was used in the commission of this offense. However, it is unclear from the record
whether the trial court entered the nunc pro tunc order to correct a clerical error it actually made at
the time of the plea hearing or whether the trial court has, in fact, entered a new deadly weapon
finding. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 5, 2011

Do not publish